v. Bootham, Mr. Fowle Good morning. May it please the court. My name is Brian Fowle and I'm here on behalf of Demetrius Boyd. Mr. Boyd was convicted of 10 substantive counts and 10 counts of bail jumping based on those underlying substantive counts. His convictions for both bail jumping and the underlying substantive counts amounted to... Were the 10 substantive counts consolidated into one trial? Yes. So when bail was authorized, it was authorized to return for the trial? I'm sorry, you're right. The bail was on a prior case and then so he committed the substantive offenses while on bail on an earlier case. So then he was then charged with bail jumping in addition to the substantive offenses. But it was that bail jumping was based on an offense committed after he failed to show for the... Give me the time sequence. Sure. I don't remember what the initial charge was. It was before Milwaukee County started court. He was out on bail on that case. It may have been a robbery, but I'm not sure. During the time that he was on pretrial release, he committed the alleged offenses here, the carjacking and the robbery. And based on those actions, the district attorney's office charged him with the substantive offenses as well as a matching bail jumping for each case. Well, you say matching, but there is a different element, right? Yeah, there is a different element. Blockburger, isn't that the end of it? All you need is one different element and you've got two crimes, so it's not double jeopardy? Well, you have the second. Bail jumping has... Essentially, Your Honor, the substantive offense acts as a lesser-included offense to the bail jumping. When you look at the Wisconsin jury instructions and the way Wisconsin treats this law, for example, if you were to get a conviction, the jury instruction presented to the court, presented to the jury, will tell the jury that they must find that the defendant Char was convicted, was committed each of the individual elements of the underlying offense, in addition to being on bail. Same thing if he was to enter a plea of guilty. But I thought the way bail jumping... I mean, it's a misleading term. You'd think bail jumping would mean that you didn't show up for your trial, you know, you jumped bail, they couldn't find you anymore. But apparently it means, in Wisconsin, it means that you committed a crime while you are on bail, making it a worse act. So doesn't that mean you have two elements for the bail jumping? You have the being on bail and then whatever you did wrong while you were on bail. Correct, Your Honor. And in fact, it can be a crime. You could be violating any condition of your pretrial release to lead to a bail jumping charge. But in this case, and how it's... So not just failing to appear. Correct. And how it would have worked in this case is generally how it works. Somebody commits an offense, and then they are charged both with a substantive offense and with the bail jumping. And to prove that to a jury, you have to list... You have to have proved all the elements of the underlying offense, and then just one other, essentially, offense. And I have that chart listed on my brief, which shows that they are substantially similar, and that the substantive offense acts as a lesser included offense. And that's how Wisconsin treats it. And you have to be recent in time. But I'm... Never mind. It came from Wisconsin is the reason I'm asking. It seems to be a little unusual. I don't know if the other states in our circuit have similar bail. Not that I'm aware of, Your Honor. This does seem to be specific to Wisconsin. And that's why this case is more similar to the felony murder cases, like Harris and Jones, which says you incorporate the underlying offense into the bail jumping, into the now case would be felony murder. Here would be the bail jumping. The underlying offense gets incorporated. The elements get incorporated. You analogize to felony murder. How would you characterize a charge for unlawful use of weapon by a felon and charging that same felon with a felon in possession as well? Would you characterize them as a lesser included offense? Well, and again, Your Honor, I would have to look at... I mean, here's where you can... No, I didn't ask that. Unusually obtuse, the way I asked it. If you have a felon in possession that's also unlawfully possessing a weapon, he could be charged with unlawful possession of weapon, and because he's a felon, being charged with a felon in possession. Those are two separate and distinct offenses. When someone reaches the status of felon in our society, we prohibit them from carrying a firearm. Can't you analogize here that what the legislature really intended, that was when someone's on bail, even though there was probable cause to arrest and detain them, society is letting them out on bail. There's a whole set of different social interests that are being served to make sure that person doesn't commit another crime. So when you characterize the elements as substantially the same, in fact, they're really not. When someone's on bail, he takes on a whole different status. No, that is correct, but the way Wisconsin treated it, they treated it as a separate crime. They treated it not as a status of... Because they referred to everything in the criminal code? Yes. Isn't that just a shorthand way of doing what I suggest they intended to do, and that is anyone that's on bail that commits any criminal offense, because of their status, poses a whole different set of social interest? There is a similarity there, Your Honor, but I think the difference is, and again, it comes back to the Blockburger and the way you break it down. When you look at those, there is a separate, it seems to me that the way you've characterized those two offenses, there are separate and distinct elements that aren't present here, where when you look at the elements, as they're proved to a jury, as they're submitted to the court, are the same, except for the additional element. I'm sorry, go ahead. Just the additional element of being unbound. Would you say that Jacobus v. State, the Wisconsin case they relied on, is contrary to an unregional interpretation of Blockburger? Yes. You would? Yes, Your Honor. How so? Because, again, when you look at, the first step you have to go to is look and make sure whether or not you incorporate the elements. Assuming that the elements are incorporated, of the substantive offense are incorporated into the bail jumping offense, under Blockburger, you cannot come to any conclusion but that the substantive offense is a lesser included offense of bail jumping. Again, that chart I believe is on page five of the reply brief. I saw your chart. They're the same except for the additional while unbound conditions. Well, that's a material element, though. Yeah. That's a whole new element. Right. They are not the same exact claim, but just like they are a lesser included, the same way, again, in felony murder, you have the felony and then the murder of the felony is a lesser included offense of that. I think it operates the same way here, just like in Harris and Jones. I think this is unique to Wisconsin. Just a little bit of how, Boyd's situation, while not completely unusual, is not generally how this statute is used. More often than not, it's used as a form of charge bargaining. When you have a person who's violated the bond, it's a way for the parties to come to a resolution with a lower statutory max to allow the deal that they wanted. Well, suppose you have a felon in possession, has a gun, and he shoots someone. Now, you would say the elements were different, weren't you? Yes. But why? Because you could say, well, the only significance of his being a felon in possession was that he had a gun. Well, the elements of the felon in possession is that you are a prohibited person for whatever reason, and you possess a firearm. Those are the two elements. But how is the possession of the firearm, when he shoots somebody, how is that different from being on bail when you shoot somebody? I think it's completely different, Your Honor. Why? Breaking bail, violating bail, that's very much like being a felon in possession. That is, you're placed under a restriction that other people aren't placed under. And you don't obey the description, the limitations. Instead, you commit a crime. Right. But it's the second crime, it's the murder, that's completely different than the... It's not completely different. You need a gun to commit the murder, right? So you have a gun, you have it illegally. Well, similarly, if you want to commit a crime while you're on bail, you have to violate bail, right? Right. No, I understand... That's a separate concern, right? They don't want people... It is a separate concern, Your Honor. I believe that. But when you look at the elements, I mean, murder doesn't have anything... But that is an element, violating, just like having a gun you shouldn't have. Again, Your Honor, I think there is a distinct difference between those two. I think when you look at how the interplay between the two charges or the two statutes that you're talking about, there is no similarity between the murder elements and the felon in possession elements. Where here, the bail jumping elements contain all the elements verbatim from the underlying offense. Let me ask it this way. Would you say that being in unlawful possession of a firearm is a lesser included offense of being a felon in possession? Again, Your Honor... I think the answer probably is clearly no. I think, no, and again... There again, you've got the same elements except for this one, as you sort of characterized, this one little incidental element that is the status, being on bail or being a felon. Right, and I'd be happy to kind of address that by looking at the elements closer. If the court would want, I'd be happy to submit something extra. But the way I look at it, I still think that there is a difference between that situation and here, where they're just wholesale incorporated right into the bail jumping statute. Okay, well, thank you, Mr. Fall. Ms. Larson? Good morning. My name is Sarah Larson. I'm an assistant attorney general for the state of Wisconsin, and I represent the respondents. In this case, the district court granted a certificate of appealability on this issue. Whether the court of appeals decision that Jacobus foreclosed Boyd's double jeopardy claim is contrary to or an unreasonable application of the United States v. Dixon. The state submitted that it is not contrary to or unreasonable application of Dixon's for the following three reasons, and this is very briefly. Number one, as the district court noted in this case in its decision, the Wisconsin courts have already determined that after applying the same elements test, that the legislature intended bail jumping to be a separate offense from all substantive offenses. As this court stated in McLeod v. Deppich, such conclusion is one purely of state law, and this court is bound by it. Number two, applying the same elements test in this case, the Wisconsin courts concluded that the Wisconsin legislature intended bail jumping to be a separate offense from the substantive offenses. The elements are not the same. Can you be guilty of bail jumping if you just, you know, don't show up in court or something like that? Yes, you do not have to be violent. You don't have to violate a crime to be convicted of bail jumping. And the Nelson case and the Jacobus case talk about the legislative history in Wisconsin about bail jumping. The focus is not on the underlying crime. The focus is on the violation of the bail, and that is the prosecution for bail jumping. So the Wisconsin legislature has looked at this issue and said they are separate issues. In the Nelson case, the defendant argued, I was convicted of sexual assault and I was also convicted of bail jumping. Same argument, bail jumping is a greater offense, so I should not be convicted of child sexual assault. The Nelson case said, no way, applying the same elements test, and we looked at the Wisconsin legislature and their intent, they are separate offenses and they are separate elements. So the Wisconsin courts have looked at this issue and they have addressed it on state law claims, and it is the state's position that this court can only look to under double jeopardy analysis, whether then the court violated double jeopardy by imposing a sentence that was greater than what the legislature intended. And finally, I just want to... What did the Supreme Court do then with that court of appeals case? The Wisconsin Supreme Court. The Wisconsin Supreme Court did not take up either Jacobus or Nelson. They haven't addressed it. Correct. I did want to point out in Boyd's reply brief, his argument is that, in footnote one, he says that, while Scalia's approach is not persuasive, it should be followed. Well, that is not sufficient for obtaining relief under the AADPA. He has to prove that the court of appeals decision was contrary to or an unreasonable application of Lockberger, of Dixon. All he wants this court to do is he says, it's persuasive, I want it to be followed, and that's just not enough under the AADPA. And that's footnote one on page six of his reply brief. I take it you would say Jacobson is a reasonable interpretation of and not contrary to Lockberger. I do, because they applied the same elements, and so did the Nelson case with Jacobson's references. And you have the legislative intent, so you not only have the same elements analysis, you also have, in addition to that analysis, the court saying, we are looking at the Wisconsin legislature's intent, and they intended separate penalties, separate crimes, separate offenses. Unless there are any other questions, that's all that the state has. Okay. Thank you, Ms. Larson. Thank you. Mr. Fall, do you have anything further? Thank you, Your Honor. Just a couple of things I know I ran out of some time. I just wanted to touch basically on McLeod. I don't think McLeod is an appropriate consideration. I think McLeod is different than that. It was considering whether to ask this court to actually interpret the term what drive means under the statute, and that's something that is best left to the states. And the second is Nelson Jacobus. I mean, I think those cases are interpreting what the legislative history intended. I don't think there is a clear statement on what the Wisconsin legislature actually intended in drafting the statute, and that's why I think we should use the Blockburger test. Okay. Well, thank you very much, Mr. Fall. And you were appointed, were you not? Yes, Your Honor. Let me thank you for your efforts.  We thank Ms. Larson as well. And the court will be in recess. Thank you.